HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MARLENE ELLIOTT,

    Plaintiff,

v.

UNITED PARCEL SERVICE, INC.,

    Defendant.

Case No. C07-05453 RBL

ORDER GRANTING MOTION TO DISMISS WITH PREJUDICE

THIS MATTER comes before the Court on Defendant's Motion to Dismiss Plaintiff's Claims with Prejudice [Dkt. #23]. The Court has reviewed the documents submitted in support of the motion. Plaintiff has failed to file a response in opposition to Defendant's motion. For the following reasons, Defendant's motion is GRANTED. The Court DENIES Defendant's request for fees and costs.

**PROCEDURAL BACKGROUND**

On June 20, 2008, nearly ten months after Plaintiff Elliott's lawsuit against Defendant United Parcel Service, Inc. (UPS) was removed to this Court, the Court granted the withdrawal of Elliott's counsel [Dkt. #13]. Elliott was unable to obtain replacement counsel and has taken little to no action furthering her case against UPS. Her sole contact with the Court since June 2008 was a motion for extension of time to find replacement counsel [Dkt. #16] that was denied on October 6 [Dkt. #20].

Elliott has also been unresponsive to discovery orders and requests. On October 6, the Court

granted UPS's motion to compel answers to interrogatories and production of documents [Dkt. #20]. Despite the motion to compel, Elliott provided neither answers nor documents and when called by UPS's counsel, said she would provide discovery "when [she got] the time." [Dkt. #24] (Solis Decl., Letter to Marlene Elliott, p.30). Furthermore, Elliott has failed to appear for three duly scheduled depositions. The first attempted deposition was September 16. The morning of the deposition, Elliott phoned UPS's counsel and claimed she could not make it because she was "having a heart attack." [Dkt. #19] (Solis Decl., p.1). UPS rescheduled the deposition for September 19 and notified Elliott via letter and voicemail message. Elliott called on September 17 to inform UPS's counsel that she would not be attending. *Id*. at pp. 1-2. She made no reference to her medical condition, said she could not miss any more work, and refused to tell UPS's counsel when she would be available. *Id*. UPS re-noted Elliott's deposition for December 18 and notified Elliott by regular and certified mail. Elliott did not show up for the deposition, did not contact UPS to cancel the deposition, and has not contacted UPS since to explain her absence.

On December 31, UPS filed the motion now before the Court requesting that Elliott's lawsuit be dismissed with prejudice pursuant to Federal Rules of Civil Procedure 37(b)(2), 37(d), and 41(b). UPS also seeks fees and costs. Elliott failed to file a response by the January 20, 2009 due date.

## **ANALYSIS**

Elliott's failure to file a response indicates that UPS's motion has merit. Nevertheless, the Court will briefly explain its reasoning.

**1.    FRCP Provisions**

Fed. R. Civ. P. 37(b)(2) permits the Court to "dismiss the action or proceeding" where a party "fails to obey an order to provide or permit discovery." On October 6, 2008, the Court issued an order compelling Elliott to provide answers to interrogatories and produce certain documents. Elliott has never offered evidence that she attempted to comply with that order.

Fed. R. Civ. P. 37(d) permits the sanctions provided for by Rule 37(b)(2) when a party "fails, after being served with proper notice, to appear" for its deposition. Rule 37(d)(3) further provides that in lieu of or in addition to the sanctions listed in Rule 37(b)(2), the Court "must require the party failing to act . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless . . . other circumstances make an award of expenses unjust." The Court presumes that Elliott was given proper

notice for the three depositions she failed to appear for. However, it would be unjust to require a *pro se* plaintiff to pay fees and costs for the depositions.

Fed. R. Civ. P. 41(b) provides that "[i]f the plaintiff fails to prosecute . . . a defendant may move to dismiss the action." "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of a pending case . . . ." *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629 (1962). Elliott's failure to take any action furthering her claim since June 2008 certainly represents undue delay.

It is clear that the statutory requirements for dismissal are met. The only remaining issue is whether the Court should exercise its discretion to dismiss.

**2.      Discretion to Dismiss**

In determining whether to exercise its discretion to dismiss an action pursuant to Rules 37(b)(2), 37(d), and 41(b), the Court weighs "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to [the party seeking sanctions]; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Wanderer v. Johnston*, 910 F.2d 652, 656 (9th Cir. 1990) (alterations in original) (prescribing the factors to weigh for dismissal pursuant to Rule 37); *see also Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986) (prescribing the factors to weigh for dismissal pursuant to Rule 41(b)). Furthermore, to dismiss an action on the basis of Rule 37, the Court must find that the party's behavior demonstrates willfulness, bad faith, or fault. *Hyde & Drath v. Baker*, 24 F.3d 1162, 1166 (9th Cir. 1994).

The first five factors weigh heavily in favor of dismissal. In particular, UPS has suffered significant prejudice because Elliott's refusal to appear for depositions impairs UPS's ability to prepare for trial. Furthermore, when progress toward litigation has been obstructed completely by a plaintiff's refusal to cooperate, public policy no longer favors allowing the case to proceed. The existence of less drastic sanctions is also no help to Elliott because the Court has already attempted, without success, to compel discovery.

Further, it is readily apparent that Elliott acted with willfulness, bad faith, or fault. In fact, "[d]isobedient conduct not shown to be outside the control of the litigant" is by itself enough to satisfy the requirement. *Hyde & Drath*, 24 F.3d at 1167; *Henry v. Gill Indus.*, 983 F.2d 943, 948 (9th Cir. 1993). Showing up for depositions and providing answers to interrogatories is conduct clearly within Elliott's

control.

## **CONCLUSION**

For the foregoing reasons, Defendant's Motion to Dismiss with Prejudice [Dkt. #23] is GRANTED. The Court DENIES Defendant's request for attorneys' fees and costs incurred in bringing this motion and associated fees and costs for the depositions Plaintiff failed to attend.

Dated this 28th day of January, 2009.

/s/ Ronald B. Leighton
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE